**Tagged for Publication**



**ORDERED in the Southern District of Florida on April 5, 2012.**

John K. Olson, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

**In re**:

Matthew **Perlman**,

Debtor.

_____/

Case No. 11-40717-JKO

Chapter 7

**In re**:

Donald J. **Dennis**,

Debtor.

_____/

Case No. 12-12425-JKO

Chapter 7

1

**In re**:

       Lidia **Gibert**,

              Debtor.
_____/

Case No. 11-41597-JKO

Chapter 7

**In re**:

       Stephen **Munoz**,

              Debtor.
_____/

Case No. 12-15677-JKO

Chapter 7

**In re**:

       Fred **Bailin**,

              Debtor.
_____/

Case No. 12-14141-JKO

Chapter 7

### MEMORANDUM OPINION & ORDER ON AUTOMOBILE LEASE ASSUMPTION AGREEMENTS FILED AS "REAFFIRMATION AGREEMENTS"

The Debtors in these cases have sought approval of "reaffirmation agreements" under 11 U.S.C. § 524 which are actually lease assumption agreements governed by § 365(p)(2). Reaffirmation agreements under § 524 require varying degrees of involvement by the court and clerk's office.  Lease assumption agreements under § 365(p)(2) require no involvement of court staff.   When parties file § 365(p)(2) lease assumption agreements in the form of § 524 reaffirmation agreements, time and resources are wasted not only by the court, but by the parties when hearings are unnecessarily scheduled.  The "reaffirmation agreements" in these cases are accordingly disapproved to the extent that approval is requested under § 524, but this ruling has no effect on the validity of any § 365(p)(2) lease assumption agreement between the parties.

<u>D<small>ISCUSSION</small></u>

<u>*Reaffirmation Agreements*</u>

11 U.S.C. § 524 governs reaffirmation agreements for the purposes of the Bankruptcy Code.[1] *See e.g.*, *In re Pitts*, 462 B.R. 844, 845 (Bankr. M.D. Fla. 2012) ("The reaffirmation provisions are set forth in Bankruptcy Code § 524").  Section 524(c) provides, in relevant part:

> (c) An agreement between the holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if-
>
> > (1) such agreement was made before the granting of the discharge . . .
> >
> > (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
> >
> > (3) such agreement has been filed with the court . . .
> >
> > (4) the debtor has not rescinded such agreement . . . [and]
> >
> > (5) the provisions of subsection (d) of this section have been complied with . . .

11 U.S.C. § 524(c).  Therefore, to become valid and binding upon a debtor who is represented by an attorney, reaffirmation agreements must be filed with the court, made before discharge is granted, the debtor must receive the disclosures described in subsection (k), and § 524(d) must be applied.[2]

---

[1] While the term "reaffirmation agreement" is not defined by the Bankruptcy Code and does not appear in § 524(c), the term is understood as referring to all agreements which, by its own terms, § 524(c) applies; specifically, "any agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part is based on a debt that is dischargeable in a case under this title." 11 U.S.C. § 524(c); *see In re Creighton*, 427 B.R. at 28, n.7.

[2] Section 524(d) provides "that in cases where the court has determined to grant a discharge to the debtor, the court *may* hold a discharge hearing to inform the debtor that either a discharge has been entered or the reasons why a discharge has not been entered." *In re Pitts*, 462 B.R. at 847 (emphasis added).  In other words, despite the mandatory application of § 524(d) by subsection (c), the hearing requirement of § 524(d) is discretionary.

*Lease Assumption Agreements*

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended the Bankruptcy Code to include § 365(p)(2), which has become the operative section regarding assumption of unexpired leases of personal property for Chapter 7 individual debtors. *In re Farley*, 451 B.R. 235, 238 (Bankr. E.D.N.Y. 2011) ("Section 365(p)(2) provides a consensual, non-judicial procedure for the assumption of a personal property lease by a debtor"); *In re Creighton*, 427 B.R. 24, 26 (Bankr. D. Mass. 2007) ("Congress, through BAPCPA, has now amended the Bankruptcy Code with 11 U.S.C. § 365(p)(2) to permit those chapter 7 debtors who are individuals to 'assume' leases of personal property").  In pertinent part, § 365(p)(2) provides:

> (2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

11 U.S.C. § 365(p)(2).  The § 365(p)(2) lease assumption process is akin to a "handshake" whereby the debtor offers to assume the lease obligation, and the lessor decides whether to accept the debtor's offer. *See In re Ebbrecht*, 451 B.R. 241, 244-245 (Bankr. E.D.N.Y. 2011). "If the lessor determines that it is willing to allow the debtor to assume the lease, it will then notify the debtor of this decision, and may condition such assumption on cure of any outstanding defaults on terms set by the contract," however, the lessor is not "under any obligation to accept the debtor's offer." *Id*. at 244-245.

4

Upon being notified of intent to assume an unexpired lease under 11 U.S.C. § 365(p)(2)(A), the lessor is granted safe harbor to contact the debtor with an acceptance and if necessary, negotiate a cure without violating the automatic stay or the discharge injunction. 11 U.S.C. § 365(p)(2)(C) ("The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection"). If the parties come to an agreement, "[t]he third and final step required by the statute is that a writing between the lessor and the debtor be signed to memorialize the terms of the lease assumption. Neither judicial review nor approval of the lease assumption agreement is required by the Bankruptcy Code or Rules." *In re Ebbrecht*, 451 B.R. at 245; *see also In re Eader*, 426 B.R. 164, 167 (Bankr. D. Md. 2010) (explaining that a § 365(p)(2) lease assumption agreement "contains no provision under which the court may approve or disapprove").

*Reaffirmation Agreements v. Lease Assumption Agreements*

Some courts have found that reaffirmation procedures apply to lease assumption agreements because "section 524(c) makes clear that debts arising under certain postpetition agreements are . . . not enforceable . . . unless specified procedures are followed with respect to those agreements." *In re Creighton*, 427 B.R. 24, 27 (Bankr. D. Mass. 2007). "This is true of any agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title . . . so called reaffirmation agreements." *Id.* (citing 11 U.S.C. § 524(c)) (internal quotations omitted). Because a lease assumption is an agreement "the consideration for which . . . is based on a debt that is dischargeable," *Creighton* concluded that § 524(c) applies to lease assumption agreements. *See Id.* at 28 (explaining that a lease assumption "is a species of reaffirmation agreement").

*Creighton* also noted that § 365(p)(2)(B) states that "the liability under the lease *will be* assumed by the debtor and not the estate," suggesting that something further is necessary to complete the assumption. *Id.* at 26; *Cf. In re Eader*, 426 B.R. at 167 ("the in personam obligation of the debtor arising under the pre-petition lease, even if assumed under an assumption agreement . . . does not act to prevent the discharge of the assumed liability of such debt unless a reaffirmation agreement is completed and filed in full compliance with Section 524 . . . ").  In contrast, application of § 524(c) to lease assumption agreements was ultimately rejected by another court, explaining that cases such as *Creighton* and *Eader* are "insufficiently persuasive as a matter of statutory construction, though certainly sensible as a matter of policy." *In re Thompson*, 440 B.R. 130, 132 (Bankr. W.D. Mich. 2010).  "Congress clearly contemplated that lease assumption agreements might be made after entry of the discharge, otherwise there would be no need to authorize the parties to negotiate such agreements notwithstanding the discharge injunction under § 524(a)(2)." *Id.* at 131-32 (citing 11 U.S.C. § 365(p)(2)(C)).  "As a result, some lease assumption agreements authorized under § 365(p) would not satisfy the provisions governing reaffirmation . . . because to be valid, a reaffirmation agreement must be made before discharge." *Id*.  *Thompson* concluded that § 524 cannot apply to § 365(p)(2) lease assumption because Congress would not authorize debtors to negotiate lease assumption agreements that would be unenforceable as a matter of law. *Id.*; *see also In re Mortensen*, 444 B.R. 225, 230 (Bankr. E.D.N.Y. 2011) ("This Court agrees with [*Thompson*] that Congress would not authorize the debtor and lessors to negotiate lease assumption agreements that would be unenforceable as a matter of law.").

In *Ebbrecht*, the court similarly refused to apply § 524 to lease assumption agreements, arguing that "Congress clearly intended to provide two separate provisions covering two very

different situations, and adopted two very different procedures." *Ebbrecht*, 451 B.R. at 247.  The court explained that:

> Section 524 requires reaffirmation before discharge, but Section 365(p) does not; failure to adhere to the specific timing mechanics for a reaffirmation agreement will result in a court not being empowered to approve it, while a lease assumption may be filed at any time; although substantial disclosures are required for a reaffirmation agreement under Section 524(k), none is militated under 365(p); the court assumes a gatekeeper role in determining whether to approve a proposed reaffirmation agreement, but has no involvement in review or consideration of a chapter 7 debtor's personal property lease assumption; and, finally, the procedures for entering into a lease assumption, for example, beginning with the handshake, has no similar protocol in Section 524.

*Id*.  The court concluded: "Had Congress intended the lease assumption and reaffirmation agreement provisions of the Bankruptcy Code to be interchangeable, it would have said so, but has not." *Id*.  "Further, had Congress intended for leases to be both assumed under Section 365(p) and reaffirmed under Section 524, it would have said so, but again, has not." *Id*.

Statutory construction requires that "when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).  Further, a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 304 (2009).  This court accordingly agrees with *Thompson* and *Ebbrecht*.  If Congress had intended the reaffirmation agreement and lease assumption provisions to be interconnected or interchangeable, it would not have made the two procedures so different and incompatible.

## CONCLUSION

Chapter 7 individual debtors may assume personal property leases under § 365(p)(2) and the court plays no role in that process.  When § 365(p)(2) lease assumption agreements are filed as "reaffirmation agreements" under § 524, time and resources are wasted not only by the court, but by the parties when hearings are unnecessarily scheduled.  The court has no judicial role to play in § 365(p)(2) lease assumption:

> Because the underlying agreement before the Court is a lease, the only relevant Bankruptcy Code provision for Debtor to continue to enjoy the benefits and endure the corresponding obligations arising from use of the BMW is Section 365(p), not Section 524 . . . As such, the Lease may not be assumed through the reaffirmation process under Bankruptcy Code Section 524. A personal property lease may only by assumed under Bankruptcy Code Section 365(p).

*Ebbrecht*, 451 B.R. at 248.  The "reaffirmation agreements" is the above-styled cases are accordingly disapproved to the extent that approval is requested under § 524, but this ruling has no effect on the validity of any § 365(p)(2) lease assumption agreement between the parties.

It is accordingly **ORDERED** that:

(1)     in Case No. 11-40717-JKO, the *"Reaffirmation Agreement" with American Honda Finance Corp.* filed by Debtor Matthew Perlman at ECF No. 36 is DISAPPROVED;

(2)     in Case No. 12-12425-JKO, the *"Reaffirmation Agreement" with BMW Financial Services NA, LLC* filed by lessor BMW Financial at ECF No. 22 is DISAPPROVED.

(3)     in Case No. 11-41597-JKO, the *"Reaffirmation Agreement" with American Honda Finance Corp.* filed by Debtor Lidia Gibert ECF No. 16 is DISAPPROVED.

(4)     in Case No. 12-15677-JKO, the *"Reaffirmation Agreement" with American Honda Finance Corp.* filed by lessor American Honda at ECF No. 18 is DISAPPROVED.

(5)     in Case No. 12-14141-JKO, the *"Reaffirmation Agreement" with American Honda Finance Corp.* filed by lessor American Honda at ECF No. 10 is DISAPPROVED.

*# # #*

*The Clerk of Court is directed to provide copies of this order to the debtors and creditors in the above-styled cases and designate the entry in the Perlman case (No. 11-40717) as tagged for publication.*